IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Felder, :
                Petitioner :
                :
      v. : No. 440 C.D. 2025
                : Submitted: June 16, 2026
Pennsylvania Parole Board, :
                Respondent :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE STELLA M. TSAI, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                 FILED:  August 4, 2026


Thomas Felder (Felder) petitions for review of the Pennsylvania Parole Board's (Board) March 6, 2025 decision affirming its December 4, 2024 decision rescinding Felder's automatic re-parole due to misconduct for assaultive behavior. Felder's appointed counsel, Nicholas E. Newfield, Esquire (Counsel), has filed a no-merit letter and an application to withdraw under *Turner*.[1]  Upon review, we grant Counsel's application and affirm the Board's decision.

## BACKGROUND

Following a negotiated guilty plea to multiple criminal charges at two separate dockets, the Court of Common Pleas of Lebanon County sentenced Felder to an

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

aggregate term of 7 years and 8 months to 19 years' imprisonment, with a maximum release date of July 16, 2028. Certified Record (C.R.) at 1-5. On January 17, 2018, the Board granted Felder parole and released him to a community corrections center (CCC) on March 7, 2018. *Id.* at 8-14. On July 12, 2018, the Board declared Felder delinquent as of June 16, 2018. *Id.* at 15. On September 6, 2018, the Board recommitted Felder as a technical parole violator (TPV) and a convicted parole violator (CPV) to serve 6 months of backtime at a State Correctional Institution (SCI). *Id.* at 16. The Board recalculated Felder's maximum sentence date to September 2, 2028. *Id.* at 18.

On January 8, 2019, the Board once again paroled Felder to a CCC, with a release date of May 28, 2019. C.R. at 21-22. On July 1, 2021, the Board declared Felder delinquent, effective June 9, 2021. On August 8, 2023, the Board recommitted Felder as a TPV, directing him to serve up to 6 months in an SCI, with a maximum sentence date of July 27, 2030. *Id.* at 28, 31.

On September 22, 2023, the Board paroled Felder to the custody of Keystone Correctional Services. C.R. at 34-35. On April 4, 2024, the Board declared Felder delinquent for a third time, effective April 3, 2024. *Id.* at 39. Thereafter, on October 31, 2024, the Board recommitted Felder as a TPV to an SCI for 9 months, with an automatic re-parole date of June 24, 2025. *Id.* at 40-42. To be eligible for automatic re-parole, the Board required Felder, among other things, to refrain from committing any disciplinary infractions involving assaultive behavior, sexual assault, and weapons or controlled substances. *Id.* at 41. The Board recalculated Felder's maximum release date to January 17, 2031. *Id.* at 43.

While recommitted at SCI Smithfield pursuant to the Board's October 31, 2024 decision, the Department of Corrections (Department) charged Felder with

misconduct as a result of his fighting with his cellmate on November 2, 2024. C.R. at 46. In his witness statement, Felder stated

> I was in the cell before him we never got along[.] We spoke to several people to remove us[,] separate us from the cell[.] [T]hey ignore[d] us[.] I was protecting myself[.] I caught colon cancer a year ago[.] I was operated on[.] I was protecting myself from being hurt[.] [T]his is the outcome of being ignore[d] when we ask to be separated.

*Id.* at 47 (unnecessary capitalization omitted). Following a disciplinary hearing before a hearing officer, Felder pleaded guilty to fighting, resulting in 15 days' placement in disciplinary custody and loss of his prison job. *Id.* at 48. Felder did not seek further review before the Department.

On December 4, 2024, the Board rescinded Felder's grant of automatic re-parole. *Id.* at 49-53. In all other respects, its October 31, 2024 decision remained intact.

On December 11, 2024, Felder *pro se* submitted an Administrative Remedies Form seeking relief from the Board's December 4, 2024 decision rescinding his automatic re-parole rights. C.R. at 54-61. On March 6, 2025, the Board mailed its decision affirming its December 4, 2024 decision. The Board explained that because Felder incurred a qualifying misconduct for fighting, it "acted within its authority by rescinding automatic re-parole in this case." *Id.* at 63. It further explained it "acted within its discretion by taking this action without conducting an additional evidentiary hearing because [Felder was] already afforded due process to challenge the misconduct at issue in the hearing held at SCI Smithfield. There is no reason for the Board to re-litigate those facts." *Id.*

On April 2, 2025, Felder *pro se* petitioned this Court for review (Petition), arguing the Board erred in failing to conduct a hearing and that substantial evidence

3

did not support the Board's decision to rescind his automatic re-parole. On April 18, 2025, Felder filed an application to proceed *in forma pauperis*. This Court granted the application and appointed Counsel to represent Felder.

On July 30, 2025, Counsel filed an application to withdraw and a no-merit letter under *Turner*. On August 12, 2025, this Court issued an Order reminding Felder of his right either to obtain substitute counsel at his own expense or to file a brief in support of the Petition on his own behalf. Counsel filed a proof of service documenting that he served the August 12 Order on Felder. To date, Felder has neither obtained new legal counsel nor filed a brief.

Before we may consider the issues on appeal, we must address whether Counsel has met the requirements of *Turner*. In this regard, counsel must file a no-merit letter that details the nature and extent of counsel's review of the record, lists the issues raised on appeal, and explains why those issues are meritless. *See White v. Pa. Parole Bd.*, 276 A.3d 1247, 1254 (Pa. Cmwlth. 2022). Additionally, counsel must file an application to withdraw, serve the petitioner with the application and the no-merit letter, and advise the petitioner of his right to proceed *pro se* or hire his own lawyer. *Id.* Finally, this Court must independently review the record and determine whether the appeal is meritless. *Id.*

Here, Counsel has complied with the requirements of *Turner*. In his no-merit letter, Counsel indicated he reviewed the record, and he cited applicable case law. Counsel identified the issues Felder raised and explained why they lacked merit. Counsel has served Felder with a copy of the no-merit letter and his application to withdraw as counsel. Further, Counsel advised Felder of his right to retain private counsel or proceed *pro se*. In light of the foregoing, we conclude Counsel has satisfied the *Turner* requirements.

4

**DISCUSSION**

We now address whether this appeal is indeed meritless. This Court's review of the Board's decision to rescind automatic re-parole "is limited to determining whether the findings were supported by substantial evidence, whether constitutional rights were violated, or whether the Board committed an error of law." *Lockett v. Pa. Bd. of Prob. & Parole*, 141 A.3d 613, 615 n.1 (Pa. Cmwlth. 2016) (quoting *Flowers v. Pa. Bd. of Prob. & Parole*, 987 A.2d 1269, 1271 n.3 (Pa. Cmwlth. 2010)).

The crux of Felder's argument is that the Board violated his due process rights by failing to conduct an evidentiary hearing before rescinding his previously granted automatic re-parole. We disagree.

As we have explained, it is well settled that under Pennsylvania law, "'a grant of parole by itself does not vest a prisoner with any protected liberty interest in that parole.'" *Anderson v. Pa. Parole Bd.*, 266 A.3d 106, 110 n.7 (Pa. Cmwlth. 2025) (quoting *Johnson v. Pa. Bd. of Prob. & Parole*, 532 A.2d 50, 52 (Pa. Cmwlth. 1987)). To determine whether the Board violated Felder's due process rights,

> it is necessary to determine his status at the time the Board rescinded its prior grant of parole. There is no question that a "parolee" has a vested liberty interest in the limited liberty offered by parole that cannot be taken away without affording the parolee minimal due process guarantees of prior notice and an opportunity to be heard.

*Anderson*, 266 A.3d at 110 (quoting *Johnson*, 532 A.2d at 52). A prisoner, however, "'does not attain the status of a 'parolee' until the grant of parole is actually executed,'" which is when the inmate signs the acknowledgement of his parole conditions and the Board issues the release order. *Id.* Accordingly, "parole revocation, where a parolee's liberty is at stake, carries with it a constitutionally

5

guaranteed right to a hearing, while parole rescission, where the inmate is *still confined*, does not." *Id.* (citation omitted) (emphasis added).

Here, not only did Felder plead guilty to the charge of fighting during the disciplinary hearing, but he also failed to seek further administrative review of the hearing officer's decision before the Department. Felder assailed the misconduct for assaultive behavior only when the Board rescinded his automatic re-parole via its decision mailed on December 4, 2024.[2] Critically, because Felder was not a parolee at the time the Board rescinded his automatic re-parole, we cannot conclude, consistent with *Anderson*, that the Board erred in failing to afford him a hearing. *See Anderson*, 266 A.3d at 110.

We likewise disagree with Felder's claim that the Board's decision to rescind his automatic re-parole is not supported by substantial evidence. The record in this case reveals Felder pleaded guilty to fighting, resulting in 15 days' placement in disciplinary custody and loss of his prison job.[3] Accordingly, Felder does not obtain relief.

## CONCLUSION

Upon conducting our independent review of the record, we agree with Counsel that this appeal is meritless. We, therefore, grant Counsel's application to withdraw and affirm the Board's March 6, 2025 decision.

_____
STACY WALLACE, Judge

---

[2] Under Section 6138(d) of the Prisons and Parole Code, a technical parole violator who has committed a disciplinary infraction involving assaultive behavior, sexual assault, a weapon or controlled substances is not entitled to automatic re-parole. *See* 61 Pa.C.S. § 6138(d).

[3] Felder does not argue his fighting with his cellmate did not constitute assaultive behavior.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Felder, : 
 Petitioner : 
 : 
 v. : No. 440 C.D. 2025
 : 
Pennsylvania Parole Board, : 
 Respondent : 

# **O R D E R**

**AND NOW**, this 4th day of August 2026, the Application to Withdraw as Counsel, filed by Nicholas E. Newfield, Esquire, is hereby **GRANTED** and the March 6, 2025 decision of the Pennsylvania Parole Board is **AFFIRMED**.

_____
STACY WALLACE, Judge